

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00167-CV

CLARENCE HAWKINS, APPELLANT

V.

DONALD FREEMAN, MD, FRANK PERETTI, MD
AND LUBBOCK DEPARTMENT OF FAMILY
AND PROTECTIVE SERVICES, APPELLEES

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2013-506,653; Honorable William C. Sowder, Presiding

June 2, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Clarence Hawkins, appearing *pro se,* filed a notice of appeal on April 13, 2015. Appellees are Donald Freeman,[1] Frank Peretti, and the Texas Department of Family and Protective Services.

---

[1] The district clerk's certificate that accompanied Hawkins' notice of appeal names Donald Freeman, MD among the defendants; some of the documents provided us spell his last name "Freedman."

Hawkins filed suit against appellees. According to copies of orders provided by the district clerk, on August 16, 2013, the trial court signed a take-nothing judgment in favor of the Department and severed Hawkins' case against it from the remaining parties and issues. On February 21, 2014, the court signed an order dismissing with prejudice all Hawkins' claims against Freeman. The order concludes with the statement, "This is a final judgment disposing of all issues and parties." The court then signed an order on June 17, 2014, granting Peretti's "motion to dismiss" without prejudice.

A timely-filed notice of appeal invokes the appellate jurisdiction of a court of appeals. *James v. Houston Hous. Auth.,* No. 14-14-00673-CV, 2014 Tex. App. LEXIS 10989, at *3 (Tex. App.—Houston [14th Dist.] Oct. 2, 2014, no pet) (per curiam) (mem. op.) (citing TEX. R. APP. P. 25.1(b)). Generally, a notice of appeal must be filed within 30 days after the judgment is signed. TEX. R. APP. P. 26.1. A notice of appeal may be filed within ninety days after the judgment is signed if a party timely files a motion for new trial or another specified motion or request. TEX. R. APP. P. 26.1(a).[2] If the notice of appeal is untimely, the court of appeals lacks jurisdiction and must dismiss the appeal. *Haase v. Abraham, Watkins, Nichols, Sorrels, Agosto and Friend, LLP,* 404 S.W.3d 75, 80 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

In a letter of May 1, 2015, we notified Hawkins and counsel for the appellees it appeared that the notice of appeal was untimely and that we lacked jurisdiction over the appeal. We directed Hawkins to file an affidavit or letter brief providing any information

---

[2] Even in a restricted appeal under appellate rule 30, the notice of appeal must be filed within six months after the judgment is signed. TEX. R. APP. P. 26.1(c); 30.

he considered necessary for us to determine our jurisdiction. Hawkins responded by filing copies of several documents. Nothing he supplied showed his notice of appeal was timely, or provided any other factual and legal support for our jurisdiction over his appeal. None of the appellees filed a response, although our letter offered them the opportunity.

Whether we measure the appellate timetable from the trial court's February 21, 2014 order[3] or its June 17, 2014 order, the notice of appeal filed in April 2015 was untimely. We have no jurisdiction over the attempted appeal. It is therefore dismissed for want of jurisdiction. *Haase,* 404 S.W.3d at 80; *see* Tex. R. App. P. 42.3(a); 43.2(f).

James T. Campbell
Justice

---

[3] Because of its statement of finality, the February 21, 2014 order appears to be the final judgment in the case. *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 200 (Tex. 2001) ("the language of an order or judgment *can* make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties" (emphasis in original)). But, as noted, for purposes of determining our jurisdiction based on a timely-filed notice of appeals, it matters not whether the appellate timetable began on February 21 or on June 17, 2014.